# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) Case No. CR-04-114-F ) |
| MELVIN ELLIS HOLLY, | ) ) |
| Defendant. | ) ) |

## ORDER

Before the court is the Motion for New Trial (doc. no. 103), filed by defendant Melvin Ellis Holly, on October 1, 2009, and the Supplement Motion for a New Trial (doc. no. 104), filed by defendant, Melvin Ellis Holly, on October 8, 2009, wherein defendant seeks, pursuant to Rule 33(b)(1), Fed. R. Crim. P., a new trial based upon newly discovered evidence. Upon review, the court finds that no response from the plaintiff, United States of America, is required. The court finds that defendant's motions must be denied.

In order for newly discovered evidence to warrant a new trial, defendant must show that (1) the evidence was discovered after trial; (2) the failure to learn of the evidence was not caused by his own lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal. U.S. v. LaVallee, 439 F.3d 670, 700 (10th Cir. 2006).

As to the purported conflict of interest raised by defendant, the court finds that defendant has failed to show that the conflict of interest was discovered after the trial in this matter. Defendant, in his supplement motion, states that he retained attorney Warren Gotcher in October 2004 for the civil litigation. He also states that he retained

Mr. Gotcher in October 2004 for the criminal proceedings. As these statements reveal, defendant knew of the purported conflict of interest prior to the trial of this matter. In addition, the court finds that defendant has not shown that the conflict of interest is material to the principal issues involved. The court has previously rejected defendant's conflict of interest claim which was raised in his motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. *See*, order (doc. no. 100).

In regard to the newly discovered evidence that the government placed all witnesses in a "Laquinta Inn Motel," the court finds that defendant has failed to show that this evidence is not merely impeaching, that this evidence is material to the principal issues involved or that this evidence is such that it would probably produce an acquittal. As to the purported newly discovered evidence that Amber Helmert was high and on the influence of drugs during the trial, and that this was known to Mr. Gotcher, the court finds that defendant has failed to show that this evidence was discovered after trial, that it is not merely impeaching or that the new evidence is such that it would probably produce an acquittal.[1]

Defendant also claims that there is newly discovered evidence that DNA was taken from an alleged victim[2] and concealed from the jury. The court, however, again finds that defendant has failed to show that this evidence was discovered after trial, that it is not merely impeaching, that it is material to the principal issues involved or that the new evidence is such that it would probably produce an acquittal.

---

[1] The court also notes that defendant has presented nothing more than conclusory allegations that Amber Helmert was high and on the influence of drugs during the trial. Although defendant submits an "Affidavit of Melvin Ellis Holly" under 28 U.S.C. § 1746, which attests that all relevant facts contained in his motion are true and correct to the best of defendant's knowledge, the court concludes that the affidavit does not comply with the requirements of § 1746. Defendant fails to subscribe the affidavit "as true under penalty of perjury." *See*, Price v. Philpot, 420 F.3d 1158, 1165 n. 6 (10th Cir. 2005).

[2] Defendant has failed to identify who the alleged victim is in any of his papers.

In regard to the newly discovered evidence regarding the undersigned, the court finds that defendant has failed to show that this evidence was discovered after trial.[3]

As to the newly discovered evidence based upon testimony given by Ladonna Miller, Amber Helmert, April Partain, Skipper Kristler, Summer Hyslop, Robert Culberson Huges, and Deborah Hendricks in a civil case, Helmert v. Holly, et al., Case No. CIV-06-150-RAW, the court finds that defendant has failed to show that the new evidence is not merely impeaching or that it is of such a nature that in a new trial it would probably produce an acquittal.[4]

Accordingly, the Motion for New Trial (doc. no. 103), filed by defendant Melvin Ellis Holly, on October 1, 2009, and the Supplement Motion for A New Trial (doc. no. 104), filed by defendant, Melvin Ellis Holly, on October 8, 2009, are **DENIED**.

DATED October 13, 2009.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0114p016.wpd

---

[3] Defendant, in his initial motion, complains of actions of the undersigned in regard to his motion to vacate, set aside or vacate under 28 U.S.C.§ 2255. The court concludes that such actions are not sufficient grounds to warrant a new trial based upon newly discovered evidence.

[4] The court further notes that defendant's motions appear to be untimely filed as they were not filed within three years after the verdict or finding of guilty in defendant's criminal case. Rule 33 (b)(1), Fed. R. Crim. P. ("Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty."). The court, however, does not raise the issue *sua sponte*. *See, e.g.*, United States v. Mitchell, 518 F.3d 740 (10th Cir. 2008).