## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CR-04-114-F |
| | ) | |
| MELVIN ELLIS HOLLY, | ) | |
| | ) | |
| Defendant. | ) | |

### O R D E R

Before the court is the petition filed by defendant, Melvin Ellis Holly, on October 4, 2010 (doc. no. 127), wherein defendant seeks dismissal of the indictment in this case for lack of subject matter jurisdiction.[1] Specifically, defendant contends that he was sentenced and is currently being held in custody pursuant to an unlawful grant of jurisdictional authority because 18 U.S.C. § 3231[2] was enacted by less than

---

[1] In support of his petition, defendant has submitted an affidavit. The affidavit names another prisoner in the body of the affidavit rather than defendant. In a letter filed contemporaneously with the petition, defendant explains that the other prisoner's name was accidentally typed into the document. Defendant requests the court to disregard the name and attach the letter to the motion. Defendant also requests the court to withdraw the petition and send it back to him. The court declines to withdraw the petition and send it back to defendant. The court, as requested by defendant, disregards the other prisoner's name in the affidavit and recognizes the name was typed in error.

[2] Section 3231 provides:

> The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.
>
> Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

18 U.S.C. § 3231.

a quorum of Congress and was never published in the federal register. Upon review, the court finds that no response from the plaintiff is required.

The court concludes that defendant's petition constitutes a motion seeking relief under 28 U.S.C. § 2255. Section 2255 governs cases by federal prisoners who are "in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground . . . that the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255; *see*, United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006) ("It is the relief sought, not pleading's title, that determines whether the pleading is § 2255 motion."). Accordingly, the court construes defendant's petition as a motion to vacate, set aside or correct the sentence under § 2255.

Defendant previously filed a motion to vacate, set aside or correct the sentence under § 2255 on October 24, 2008 (doc. no. 98), which the court denied by order filed September 17, 2009 (doc. no. 100). The court concludes that defendant's current § 2255 motion constitutes a second or successive § 2255 motion, for which Tenth Circuit authorization is required in order to be filed. 28 U.S.C. § 2244(b)(3)(A).[3] Defendant has not obtained authorization from the Tenth Circuit to file his second or successive § 2255 motion. The court therefore does not have jurisdiction to address the merits of defendant's second or successive motion under § 2255. In re Cline, 531 F.3d 1249 (10th Cir. 2008).

The court declines to automatically transfer defendant's motion to the Tenth Circuit under 28 U.S.C. § 1631 to obtain the required authorization. The court concludes that it is not in the interests of justice to transfer it. In re Cline, 531 F.3d

---

[3] Section 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

1249 (10th Cir. 2008). The court concludes that defendant's motion is clearly time-barred as it was not filed within the one-year period of limitation set forth in § 2255(f). In addition, the court also finds that the federal courts addressing the issue have concluded that 18 U.S.C. § 3231 was properly enacted and is binding. See, e.g., United States v. Abdullah, 289 Fed. Appx. 541, 543 (3d Cir.2008); United States v. Campbell, 221 Fed. Appx. 459, 461 (7th Cir.2007); Webb v. Driver, 2009 WL 529827 (N.D.W.Va. March 2, 2009); United States v. Risquet, 426 F. Supp. 2d 310 (E.D.Pa.2006); Lister v. United States, 2006 WL 3751324 (N.D.Tex. Dec.20, 2006); Cullum v. Fox, 2006 WL 3691170 (E.D.Tex. Dec.11, 2006); Derleth v. United States, 2006 WL 1804618 (S.D.Tex. June 27, 2006). Given the clear weight of authority, the court concludes that defendant's motion is clearly without merit.

Because the court declines to transfer defendant's motion to the Tenth Circuit for the required authorization and the court lacks jurisdiction to address the merits of the motion because the Tenth Circuit has not granted the required authorization, the court concludes that defendant's motion should be dismissed without prejudice for lack of jurisdiction.

Accordingly, the petition filed by defendant, Melvin Ellis Holly, on October 4, 2010 (doc. no. 127), which seeks dismissal of the indictment for lack of subject matter jurisdiction and which the court construes as a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255, is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Entered this 7th day of October, 2010.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0114p020.wpd