# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-04-114-SPF |
| ) | |
| MELVIN ELLIS HOLLY, ) | |
| ) | |
| Defendant. | |

## **O R D E R**

Before the court is the motion filed by defendant, Melvin Ellis Holly, on January 24, 2011, to dismiss (doc. no. 144), wherein defendant seeks dismissal of the indictment on the basis that he was denied his rights under the Sixth Amendment to the Constitution and the Jury Selection and Service Act of 1968 ("Jury Act"), 28 U.S.C. § 1861, *et seq.*, by the systematic exclusion of a disproportionate numbers of students, blacks and people with Spanish surnames from the master lists from which his grand jury and his petit jury were selected and by the failure of the court to allow him to inspect and copy the jury lists for the purpose of discovering pertinent evidence. Upon review of the motion, the court finds that no response to the motion by the government is required.

Pursuant to 28 U.S.C. § 1867(f), litigants have "essentially an unqualified right to inspect jury lists . . . [i]n order to aid . . . in the preparations of motions challenging jury selection procedures." *See*, Test v. United States, 420 U.S. 28, 30 (1975) (quotation omitted). However, pursuant to § 1867(a), if a criminal defendant wishes to file a motion to dismiss on Jury Act grounds, he must do so "before the voir dire

examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier." *See*, 28 U.S.C. § 1867(a). Defendant has failed to file, and cannot file, a timely motion under § 1867(a). Moreover, defendant has waived any challenge to his indictment based upon the Jury Act in that he accepted the jury with no objection prior to his trial. *See*, United States v. Sanders, Case No. 09-7102, 368 Fed. Appx. 870, 872, 2010 WL 716206 (10th Cir. Mar. 3, 2010).[1, 2] Therefore, the court concludes that defendant is not entitled to dismissal of the indictment under § 1867(a). Furthermore, because defendant could not bring a timely motion under § 1867(a), the court concludes that defendant had no need to inspect jury records in order to prepare such a motion. Therefore, any alleged failure[3] to permit inspection of the jury lists does not warrant the dismissal of the indictment.

To the extent that defendant, by the present motion, seeks to mount a constitutional challenge to his conviction under the Sixth Amendment to the Constitution, the court finds that the motion constitutes a motion seeking relief under 28 U.S.C. § 2255. Defendant previously filed a motion to vacate, set aside or correct the sentence under § 2255 on October 24, 2008 (doc. no. 98), which the court denied by order filed September 17, 2009 (doc. no. 100). The court concludes that defendant's current § 2255 motion constitutes a successive § 2255 motion, for which Tenth Circuit authorization is required in order to be filed. 28 U.S.C.

---

[1] Unpublished decision is cited for persuasive value pursuant to 10th Cir. R. 32.1(A).

[2] The court also notes that defendant's motion is not accompanied by a sworn statement as required by 28 U.S.C. § 1867(d).

[3] In his motion, defendant asserts that he has tried to obtain the jury list of the grand jury and his motions have been denied. The only motions referenced by defendant are his motions for new trial. The court has reviewed those motions and finds no request to be allowed to inspect the jury records.

§ 2244(b)(3)(A).[4] Defendant has not obtained authorization from the Tenth Circuit to file his successive § 2255 motion. The court therefore does not have jurisdiction to address the merits of defendant's successive motion under § 2255. In re Cline, 531 F.3d 1249 (10th Cir. 2008).

The court declines to automatically transfer defendant's motion to the Tenth Circuit under 28 U.S.C. § 1631 to obtain the required authorization. The court concludes that it is not in the interests of justice to transfer the matter. In re Cline, 531 F.3d 1249 (10th Cir. 2008). The court concludes that defendant's motion is clearly time-barred as it was not filed within the one-year period of limitation set forth in § 2255(f). *See*, Sanders, 368 Fed. Appx. at 872.

Because the court declines to transfer defendant's motion to the Tenth Circuit for the required authorization, and because the court lacks jurisdiction to address the merits of defendant's motion (for lack of authorization by the Tenth Circuit), the court concludes that defendant's motion, to the extent it mounts a constitutional challenge to his conviction under the Sixth Amendment to the Constitution, should be dismissed without prejudice for lack of jurisdiction.[5]

Accordingly, the motion filed by defendant, Melvin Ellis Holly, on January 24, 2011, to dismiss (doc. no. 144), is **DENIED** to the extent it seeks dismissal of the indictment under the Jury Selection and Service Act of 1968, 28 U.S.C. § 1861,

---

[4] Section 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

[5] The court notes that on October 7, 2010, the court entered an order (doc. no. 130) and judgment (doc. no. 131) dismissing without prejudice for lack of jurisdiction defendant's petition to dismiss the indictment (doc. no. 127), construing the petition as a second or successive § 2255 motion. The court also entered on December 2, 2010, an order (doc. no. 134) and judgment (doc. no. 135) dismissing without prejudice for lack of jurisdiction defendant's motion to dismiss pursuant to Rule 61, Fed. R. Civ. P., (doc. no. 133), construing the petition as a successive § 2255 motion.

*et seq.*, and is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction to the extent it mounts a constitutional challenge to his conviction under the Sixth Amendment to the Constitution.

Entered this 4th day of February, 2011.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0114p026.wpd