# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| -vs- | ) | Case No. CR-04-114-SPF |
| MELVIN ELLIS HOLLY, | ) | |
| Defendant. | ) | |

## **O R D E R**

Before the court is the petition filed by defendant, Melvin Ellis Holly, on March 7, 2011, for a writ of audita querela under the All Writs Act, 28 U.S.C. § 1651 (doc. no. 148).

"[A] writ of audita querela is used to challenge a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." United States v. Torres, 282 F.3d 1241, 1245 n. 6 (10th Cir. 2002) (quotation omitted). The Tenth Circuit has acknowledged that the writ of audita querela may be available to provide post-conviction relief to criminal defendants. *Id*. However, the Tenth Circuit has determined that "a writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." *Id*. at 1245 (quotation omitted).

With his petition, defendant is seeking to vacate the conviction and sentence for which he is currently in custody. Section 2255 provides the exclusive means for defendant to challenge his conviction and sentence unless the remedy is inadequate or ineffective. Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965). The court has

already denied a § 2255 motion filed by defendant. That defendant may be barred from bringing another § 2255 motion does not establish that the remedy under § 2255 is either inadequate or ineffective. "[T]he remedy under § 2255 is not inadequate or ineffective merely because the statute greatly restricts second or successive motions." Sines v. Wilner, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also*, Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999) ("[T]he mere fact that [a movant] is precluded from filing a second § 2255 petition does not establish that a remedy in § 2255 is inadequate.")

Because defendant has not demonstrated that the remedy set out in § 2255 is inadequate or ineffective, defendant cannot proceed pursuant to the writ of audita querela. Although defendant states that his petition is not a motion pursuant to § 2255, the court finds that the petition is in reality a successive § 2255 motion. Torres, 282 F.3d at 1246 (a petitioner cannot "avoid the bar against successive § 2255 petitions simply styling the petition under a different name.") Tenth Circuit authorization is required in order for the successive § 2255 motion to be filed. 28 U.S.C. § 2244(b)(3)(A). Defendant has not obtained authorization from the Tenth Circuit to file his successive § 2255 motion. The court therefore does not have jurisdiction to address the merits of defendant's motion. In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008).

The court declines to automatically transfer defendant's motion to the Tenth Circuit under 28 U.S.C. § 1631 to obtain the required authorization. The court concludes that it is not in the interests of justice to transfer the matter. In re Cline, 531 F.3d at 1252. The court concludes that defendant's successive § 2255 motion is without merit. Trujillo v. Williams, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006) (factor warranting transfer rather than dismissal is that "claims are likely to have merit").

Because the court declines to transfer defendant's motion to the Tenth Circuit for the required authorization, and because the court lacks jurisdiction to address the merits of defendant's motion (for lack of authorization by the Tenth Circuit), the court concludes that defendant's motion should be dismissed without prejudice for lack of jurisdiction.

Accordingly, the petition filed by defendant, Melvin Ellis Holly, on March 7, 2011, for a writ of audita querela under the All Writs Act, 28 U.S.C. § 1651 (doc. no. 148), which is in reality a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255 is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Entered this 9th day of March, 2011.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0114p027.wpd