# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-04-114-SPF |
| ) | |
| MELVIN ELLIS HOLLY, ) | |
| ) | |
| Defendant. ) | |

# **O R D E R**

Before the court is the "Motion for Severance, 'Conflict of Interest,' Change of Venue, Pursuant to Rule 18 U.S.C. [§] 3234 Fed. R. Crim. P.," filed by defendant, Melvin Ellis Holly, on April 15, 2011 (doc. no. 153). The court finds no response from the government is necessary.[1]

In his motion, defendant argues that he can establish an actual "conflict of interest" which warrants a new trial or the vacation of his sentence.

To the extent defendant seeks a new trial,[2] the court finds that defendant is not entitled to relief. "A motion for a new trial is not regarded with favor and is only [granted] with great caution." United States v. Herrera, 481 F.3d 1266, 1269-70 (10th Cir. 2007). If a motion for new trial is filed more than fourteen days after a verdict, it must be grounded on newly discovered evidence. *Id*.; *see also*, Rule 33(b)(2), Fed. R. Crim. P. Thus, since defendant's third motion for new trial is filed more than

---

[1] The court advises Mr. Holly that despite his allegations to the contrary, the court reads every motion that is filed by him.

[2] Defendant has previously filed two motions for new trial, which the court has denied. *See*, doc. nos. 105 & 118.

fourteen days after his guilty verdict, newly discovered evidence is the only ground available for him for a new trial. *Id.*

As to the purported conflict of interest raised by defendant involving Keith Elmo Davis, the court finds that defendant has failed to show that the alleged conflict of interest was discovered after the trial in this matter. Moreover, defendant has failed to establish that an actual conflict of interest adversely affecting his counsel's performance. Cuyler v. Sullivan, 446 U.S. 335, 350 (1980); United States v. Alvarez, 137 F.3d 1249, 1252 (10th Cir. 1998); United States v. Bowie, 892 F.2d 1494, 1500 (10th Cir. 1990). Defendant has failed to show that his counsel made choices advancing the interests of Mr. Davis to petitioner's detriment. Furthermore, defendant has failed to show specific instances where counsel's performance was adversely affected by his representation of Mr. Davis.

In regard to defendant's claim involving Sheldon Sperling, then United States Attorney for the Eastern District, the court finds that defendant is not entitled to relief. The court finds that defendant has failed to show that the alleged conflict of interest of Mr. Sperling was discovered after the trial in this matter. In addition, the court finds that Mr. Sperling's acquaintance with defendant did not require Mr. Sperling to be disqualified from defendant's case. The disqualification of government counsel is a drastic measure and is not to be imposed except where necessary. U.S. v. Bolden, 353 F.3d 870, 878 (10th Cir. 2003). Disqualification is appropriate only in limited circumstances. *Id.* Defendant must show a real conflict such as the prosecutor's prior representation of an adverse party. *Id.* at 879 (listing cases). The court finds that defendant has failed to present conduct that rises to the level of special circumstances which would have required recusal of Mr. Sperling.

To the extent defendant seeks in his motion to vacate his sentence based upon the alleged conflicts of interest, the court finds that defendant's motion constitutes a

successive § 2255 motion.  <u>United States v. Torres</u>, 282 F.3d 1241, 1246 (10th Cir. 2002) (a petitioner cannot "avoid the bar against successive § 2255 petitions simply styling the petition under a different name.")  Tenth Circuit authorization is required in order for the successive § 2255 motion to be filed.  28 U.S.C. § 2244(b)(3)(A). Defendant has not obtained authorization from the Tenth Circuit to file his successive § 2255 motion.  The court therefore does not have jurisdiction to address the merits of defendant's motion.  <u>In re Cline</u>, 531 F.3d 1249, 1251 (10th Cir. 2008).

The court declines to automatically transfer defendant's motion to the Tenth Circuit under 28 U.S.C. § 1631 to obtain the required authorization.  The court concludes that it is not in the interests of justice to transfer the matter.  <u>In re Cline</u>, 531 F.3d at 1252.  The court concludes that defendant's successive § 2255 motion is without merit as herein explained.  <u>Trujillo v. Williams</u>, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006) (factor warranting transfer rather than dismissal is that "claims are likely to have merit").

Because the court declines to transfer defendant's motion to the Tenth Circuit for the required authorization, and because the court lacks jurisdiction to address the merits of defendant's motion (for lack of authorization by the Tenth Circuit), the court concludes that defendant's motion should be dismissed without prejudice for lack of jurisdiction to the extent it seeks relief under § 2255.

As to defendant's motions for severance and change of venue, the court finds that the same should be denied.  The court has found that defendant is not entitled to a new trial.  The court therefore concludes that a severance and change of venue are not warranted.

Accordingly, the "Motion for Severance, 'Conflict of Interest,' Change of Venue, Pursuant to Rule 18 U.S.C. § 3234, Fed. R. Crim. P.," filed by defendant, Melvin Ellis Holly (doc. no. 153) is **DENIED** to the extent it seeks a severance, a

change of venue and a new trial and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction to the extent it seeks relief under 28 U.S.C. § 2255.

Entered this 25th day of April, 2011.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0114p028.wpd