IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| -vs- | ) | Case No. CR-04-114-SPF |
| MELVIN ELLIS HOLLY, | ) | |
| Defendant. | ) | |

**O R D E R**

Before the court is the motion of defendant, appearing *pro se,* alleging due process violations by the court (doc. no. 164). The court finds no response from the government is necessary. Upon review, the court finds that defendant's motion is completely without merit and does not warrant any relief from this court.

The "true facts" allegedly not addressed by the court regarding Roberta Culberson Hughes, Amber Helmert, and the administration of the drug, Haloperidol, to defendant prior to trial, were recently addressed by the Tenth Circuit and found not to warrant the filing by defendant of a second § 2255 motion. As to the "true facts" regarding Jennifer Monteil, this court has previously addressed those facts and found that they do not warrant a new trial. *See*, Doc. no. 105. The order was affirmed by the Tenth Circuit. *See*, Doc. no. 117. The court has likewise addressed the "true facts" regarding Keith Elmo Davis and Sheldon Sperling and found that they do not warrant a new trial. *See*, Doc. no. 157. The fact that defendant may disagree with the rulings against him does not mean that his due process rights have been violated by the court.

Defendant complains that he did not receive notice of all of the court's orders. Nonetheless, the court clerk sent all orders to defendant at his last known address.

While defendant contends that he may not have received all of the orders from the court, he presents no evidence that the orders were not sent by the court clerk to him at his last known address. And while defendant's first 28 U.S.C. § 2255 motion was not finally resolved until approximately 11 months after it was originally filed, such length of time does not mean that defendant's due process rights were violated by the court. Defendant was granted an opportunity to be heard on all of the claims raised and the court thoroughly addressed each of the claims raised. Moreover, defendant sought an application for a certificate of appealability to appeal the court's order, but the Tenth Circuit denied the application because defendant "fail[ed] to present any reasoned argument as to his ineffective assistance of counsel claims." U.S. v. Holly, 364 Fed. Appx. 471, 472 (10th Cir. 2010). Furthermore, even though the court denied defendant's second motion for new trial and his motion for appointment of counsel prior to receiving defendant's reply, defendant's due process rights were not violated as the court's ruling would not have changed based upon defendant's reply. Defendant's motion for new trial was untimely filed under Rule 33(b)(1), Fed. R. Crim. P., and defendant was not entitled to the appointment of counsel in light of his untimely motion. *See*, Doc. no. 122.

Finally, the fact that the court has construed some of his motions as being filed under 28 U.S.C. § 2255 and have dismissed the motions for lack of jurisdiction does not violate defendant's due process rights. The court is permitted to recharacterize a motion as one under § 2255 without giving defendant the opportunity to withdraw it when the motion is not defendant's first § 2255 motion. U.S. v. Holly, 2011 WL 2356332 *3 (10th Cir. June 15, 2011). All of the motions construed by the court as being filed under § 2255 were filed subsequent to defendant's first § 2255 motion. The court did not violate defendant's due process rights in construing the motions as filed under § 2255. Indeed, the Tenth Circuit affirmed the court's decision to

recharaterize defendant's motion for a writ of audita querela as a second motion under § 2255. *Id*. at *2.

Because defendant's *pro se* motion is clearly without merit, the court finds that it must be denied.

Accordingly, defendant's *pro se* motion, filed June 13, 2011, alleging due process violations by the court (doc. no. 164) is **DENIED**.

Entered this 17th day of June, 2011.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0114p029.wpd